**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4046**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SAMMY CHARLES SHADD,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:06-cr-00051-1)

———————————

Submitted:  April 17, 2008          Decided:  April 28, 2008

———————————

Before WILKINSON, MOTZ, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Bryne,
George H. Lancaster, Jr., Assistant Federal Public Defenders,
Charleston, West Virginia, for Appellant.  Charles T. Miller,
United States Attorney, Karen L. Bleattler, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sammy Charles Shadd appeals the nine-month sentence of imprisonment imposed by the district court after it revoked his probation. Finding no error, we affirm.

We review a sentence imposed upon revocation of probation to determine whether the sentence is plainly unreasonable. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In doing so, we first assess whether the sentence is unreasonable, using a more deferential standard as to issues of fact and the district court's exercise of discretion than that applied in reviewing a guidelines sentence. Id. If we find the sentence unreasonable, we then decide whether it is plainly so. Id.

We conclude the nine-month sentence imposed by the district court is not unreasonable. Shadd was sentenced within the three to nine month range suggested by the policy statements in U.S. Sentencing Guidelines Manual § 7B1.4 (2006), and below the statutory maximum of five years. Shadd admitted he committed four violations of the terms of his probation, including failing to contact his probation officer and failing to pay restitution. The district court properly considered all the relevant factors and selected a reasonable sentence.

Shadd claims the nine-month sentence was an upward departure from the zero to six month guideline range applicable at the time of his conviction, and as a result the district court was

- 2 -

required to give him advanced notice of his potential sentence. However, there are no sentencing guidelines for violations of probation. <u>Moulden</u>, 478 F.3d at 655. The policy statements in Chapter 7 of the Sentencing Guidelines and the sentencing factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) are intended to provide helpful assistance to the sentencing court, but ultimately, the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum. <u>Moulden</u>, 478 F.3d at 657. While the district court could consider the original sentencing range along with the other factors, it was in no way bound to that range, and a sentence outside of the original range is not considered a variance. Additionally, the advanced notice provisions of Fed. R. Crim. P. 32(h) apply only to the original judgment of conviction and have not been extended to sentences imposed after revocation of probation, which are governed instead by Fed. R. Crim. P. 32.1.

Accordingly, we affirm Shadd's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>